Raymond LEE, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 98–726.

United States Court of Appeals
for Veterans Claims.

Nov. 3, 1999.

Before NEBEKER, Chief Judge, and
IVERS and STEINBERG, Judges.

## ORDER

PER CURIAM:

On September 23, 1999, the Secretary filed a motion for an extension of time until October 23, 1999, to respond to the Court's August 24, 1999, briefing order. On September 28, 1999, the Clerk of the Court, at the direction of the panel, stamp-granted the motion and permitted the Secretary until October 25, 1999, a Monday, to file his response. On October 1, 1999, the pro se appellant filed an objection to the Secretary's September 23, 1999, motion; the appellant asserted that "[t]he history of Appellee in this case is a failure in every instance to file a timely pleading when required."

On October 22, 1999, the Court revoked the September 28, 1999, stamp-grant; directed the Secretary to file his response not later than October 25, 1999; and stated that it would construe the appellant's objection as an objection to any further extension motion in this case. On the same day as the Court's order was issued, the Secretary filed a second motion for an extension of time to respond to the Court's August 24, 1999, briefing order; he asks for an extension until November 22, 1999. On November 1, 1999, the appellant filed an opposition to the Secretary's extension motion.

As the Court noted in its October 22, 1999, order, the Secretary has already been granted in this case a 60–day extension of time to file the designation of the record and another 60–day extension of time to file his brief. He has also now taken an additional 30 days to file his response to the Court's August 24, 1999, briefing order. In contrast, the appellant has requested no extensions of time. *See In re A Proposed Amendment to Rule 26(b)*, 12 Vet.App. 432, 436 (1998) (en banc memorandum and order) (in considering motions for extension of time, Court will consider "total record of the timeliness of filings by the moving party" and "the extent to which [the party opposing an extension motion] has been granted extensions"). Hence, the appellant's assertions are substantiated. However, because of the importance of obtaining the Secretary's response to the Court's briefing order, the Court will grant the Secretary's motion to file his response not later than November 22, 1999.

The Court notes that during the past year the total of extension motions filed by the Secretary has ranged from 218 to 165 per month. Although this shows substantial improvement from the high of 443 extension motions filed by the Secretary in December 1997, the total for September 1999 was 199, which marks a sharp deviation from the generally downward trend experienced over the prior 15 months. The Court thus expresses its concern over the September increase.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted. The Secretary is directed to file his response not later than November 22, 1999. Absent truly extraordinary circumstances, which do not include a heavy workload on the part of counsel for the Secretary or the reasons set forth in the Secretary's October 22, 1999, motion, the Court will grant the Secretary no further opposed (explicitly or as construed) extensions of time to file a brief in this case.